J-S36019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LETRA ASHLEY RENNINGER | : | |
| | : | |
| Appellant | : | No. 57 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 7, 2023
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001363-2022

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:　　　**FILED: DECEMBER 19, 2024**

Letra Ashley Renninger appeals from the judgment of sentence entered following his guilty plea to three counts each of recklessly endangering another person ("REAP") and criminal mischief.[1] Renninger challenges the discretionary aspects of his sentence. We affirm.

The Commonwealth summarized the facts of the case as follows:

> Renninger drove at a very high rate of speed on Atherton Street. And at the intersection of South Atherton Street and South Allen Street, he ran a red light striking three vehicles in a manner that he candidly acknowledged was deliberate. This wasn't an accident. He drove directly into these vehicles. And he totaled three vehicles.

N.T., Nov. 7, 2023, at 5.

In August 2023, Renninger entered an open guilty plea to three counts each of REAP and criminal mischief. At sentencing, the Commonwealth

_____

[1] 18 Pa.C.S.A. §§ 2705 and 3304(a)(2), respectively.

recommended that the court impose a sentence of nine to 18 months' incarceration on each criminal mischief conviction, consecutive to each other, followed by consecutive terms of one to two months' incarceration on each REAP conviction. The aggregate recommended sentence was 30 to 60 months' incarceration. N.T., Nov. 7, 2023, at 6. The Commonwealth reasoned the sentence was needed to protect the public "for a good period of time during which Mr. Renninger is exposed to the rehabilitative resources of the Department of Corrections." *Id.* The Commonwealth's recommended sentences were in the top of the standard guideline range.

Renninger's counsel argued that Renninger suffered from mental health issues, including schizophrenia. *Id.* at 9. He pointed out that this incident occurred an hour after Renninger was released from jail. *Id.* at 11. Counsel stated that Renninger had not wanted to be released from jail, where he had been in isolation, and that he had been hearing voices and was suicidal. *Id.* at 11-12. Counsel stated that although Renninger "did cause a car crash, he wasn't trying to harm those other people, he was trying to kill himself." *Id.* at 12.

Counsel requested sentences of 9 to 23½ months on the REAP charges, to run concurrently, and a year of probation on the criminal mischief charges, also concurrent. *Id.* at 10. Counsel noted Renninger had a prior record score of zero, so the standard guideline range was restorative sanctions to 9 months, plus or minus three months, and that the requested 9 to 23½ months was at the top of the standard range. *Id.* Counsel believed a county sentence

was appropriate. He disputed the claim that Renninger did not show remorse, arguing "[b]y the mere fact of entering into a plea on both sets of charges, Mr. Renninger is taking accountability for his actions." *Id.* at 11.

The court imposed consecutive sentences of nine to 18 months' incarceration on the criminal mischief charges and consecutive sentences of one to two months' incarceration on the REAP charges. The aggregate sentence was 30 to 60 months' imprisonment. The court stated the following reasons for the sentence:

> The reason[s] for my sentence were consideration of various factors. I considered, in principal considered the need for the protection of the public. I did not feel that if given a county supervision, county sentence, excuse me, the county would have been able to properly supervise the defendant upon release. I feel there are better treatment options for Mr. Renninger at the state correctional institution.
>
> I also considered the impact that all of this had on those that were involved in the incident that happened on North Atherton Street. I believe this sentence is also consistent with the rehabilitative needs of the defendant.

*Id.* at 24.

Renninger filed a post-sentence motion, and the court held a hearing. Renninger admitted into evidence a May 22, 2023 competency evaluation. Further, the medical director at the Penn State Psychological Clinic, Dr. Bettina Welz, testified. She is a therapist at the clinic and had been treating Renninger "off and on" since 2015 and continuously from 2019 until he was jailed in November 2022. N.T., Dec. 18, 2023, at 7. She testified that Renninger had been diagnosed with schizophrenia and with borderline personality disorder.

*Id.* at 8, 13. Dr. Welz testified that she believed Centre County had the resources to support Renninger, but did not "know how timely they would be available." *Id.* at 29.

The court denied the motion. Renninger appealed and raises one issue: "Whether the Trial Court abused its discretion by imposing an aggregate sentence of 30 to 60 months when [Renninger] had no prior criminal history and was suffering from a mental health crisis?" Renninger's Br. at 10.

Renninger challenges the discretionary aspects of his sentence. Before reviewing the merits of such a challenge, this Court must first determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019). Here Renninger's appeal was timely, he preserved his issue, and he included in his brief a concise statement of reasons relied upon for allowance of appeal. We must therefore determine whether he raised a substantial question.

Renninger asserts the trial court did not properly consider the Section 9721 sentencing factors, which include the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant, and did not "fully account for mitigation evidence." Renninger's Br. at 19. He claims the trial court abused its discretion by sentencing him to an excessive sentence when

he had no criminal history and had been undergoing a mental health crisis. *Id.* Such a claim, which includes that the court imposed an excessive sentence without considering his rehabilitative needs, raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015) (finding a substantial question was presented where appellant challenged "the imposition of his consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider his rehabilitative needs . . . ."). We therefore will address his sentencing claim.

Renninger argues the trial court abused its discretion "in imposing a lengthy term of incarceration in state prison, after an open guilty plea." Renninger's Br. at 21. He points out that his prior record score was zero, and that all sentences imposed were at the "very top of the standard ranges" and the court "ran all the sentences consecutively, ignoring the evidence presented at sentencing." *Id.* at 22. He maintains the aggregate sentence is excessive "in light of the criminal conduct at issue." *Id.* at 23. He argues that although there were multiple counts, it "all happened on the same date and the same time." *Id.* He further contends that he was not trying to harm the individuals in the other cars and that none sustained serious injuries. *Id.* Renninger maintains he took responsibility for his actions by entering a guilty plea, and that he had been suffering from schizophrenia at the time, had been hearing voices, and attempted to kill himself. *Id.* He points out that Dr. Welz confirmed the schizophrenia diagnosis and stated there were resources in Centre County to treat Renninger. *Id.* Renninger maintains that when

considering the protection of the public, gravity of the offense, and rehabilitative needs of the defendant, the court imposed an inappropriate sentence. *Id.* at 24. He maintains, "The public is not better protected by a lengthy incarceration of Mr. Renninger, there were minor injuries to the victims, and the rehabilitative needs of Mr. Renninger could be served with a lesser sentence and resources within Centre County." *Id.*

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa.Super. 2018) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citation omitted). In imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). In conducting appellate review, we "cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009).

The trial court concluded it did not abuse its discretion when imposing sentencing, as it considered the evidence presented, including the evidence of Renninger's mental health and the resources that would be available to him, and considered the gravity of the offenses and need to protect the public:

Here, it cannot be said—and the record does not support—that this Court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. At the heart of this matter is a [d]efendant with significant mental health needs whose behavior poses a severe risk to the safety of the public. This Court's sentence of confinement in a State Correctional Institution was informed by [Renninger's] needs and by the need to protect the public, as [Renninger] will have access to proper treatment resources to address his needs during his time in confinement.

As evidenced by the testimony of Dr. Bettina Welz ("Dr. Welz") at the December 18, 2023 hearing on [Renninger's] Post-Sentence Motion, along with the inclusion in the record of the July 10, 2019 psychiatric evaluation authored by Dr. Welz and the May 22, 2023 competency evaluation authored by Dr. Curtis Mayemik ("Dr. Mayemik"), significant discussion and consideration has been given to the issue of [Renninger's] mental health needs.

Ultimately, this Court correctly concluded that [Renninger's] confinement in a State Correctional Institute, where [Renninger] can receive appropriate treatment in a safe, secure environment, was necessary to address [Renninger's] mental health needs and to protect the public, given the grave public safety concerns stemming from the violent and dangerous nature of the underlying offenses. Much discussion also centered on whether community based resources may be available to [Renninger] following his release. As argued by the Commonwealth at the December 18, 2023 hearing, there is no expectation that those resources could be provided to [Renninger] in a timely manner. For these reasons, this Court acted within its sound discretion in entering its Sentencing Orders, reflecting a sentence appropriately fashioned to address [Renninger's] needs and the safety of the public, and this Court further properly denied [Renninger's] Post-Sentence Motion.

Trial Court Opinion, filed Feb. 22, 2024, 3-4.

The trial court did not abuse its discretion. It considered the evidence presented at both the sentencing hearing and the hearing on the post-

sentence motion, including evidence of Renninger's mental health and rehabilitative needs, and did not abuse it discretion in imposing a sentence of state confinement.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024